BONIN, J.,
concurs with reasons.
U respectfully concur. A sentence under the habitual offender law, like a sentence for an underlying offense, must be imposed without unreasonable delay. But unreasonable delay in sentencing on a multiple bill entitles a defendant to quashal of the bill seeking enhancement of the penal *702 ty.[1] Because the district attorney has not bothered to explain or justify the extraordinary delays in filing the multiple bill or in proceeding to a timely adjudication once filed despite the relatively short sentence of twenty-one months (with credit for time served) on the underlying conviction, the sentencing judge did not abuse his discretion by granting Mr. Simmons’ motion to quash the multiple offender bill of information. Returning Mr. Simmons to the penitentiary for an additional twenty-one months (forty-two months is the minimum sentence under the multiple bill) would under these circumstances be unreasonable.

. The remedy for a trial court’s unreasonable delay in sentencing on the underlying offense is the intervention of a supervisory court to compel the sentencing without further delay. See La.C.Cr.P. art. 874.